# United States District Court
### for the
### Western District of New York

United States of America

v.

**GIOVANNI ORTIZ**

*Defendant*

Case No. 25-mj- 5051

*[FILED FEB 25 2025, MARY C. LOEWENGUTH, CLERK, WESTERN DISTRICT OF NY]*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### Count 1

On or about August 6, 2024, in the Western District of New York, the defendant, **GIOVANNI ORTIZ**, did knowingly and intentionally possess with intent to distribute a mixture and substance containing N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).**

### Count 2

On or about August 6, 2024, in the Western District of New York, the defendant, **GIOVANNI ORTIZ**, did knowingly possess a firearm, namely: One (1) Romarm/Cugir, Micro Draco semi-automatic pistol, Serial Number: PMD-41883, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the Untied States, that is, a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), committed in the manner set forth in Count 1, the allegations of which are incorporated herein by reference.

**All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).**

## Count 3

On or about August 6, 2024, in the Western District of New York, the defendant, **GIOVANNI ORTIZ**, did knowingly and intentionally possess with intent to distribute a mixture and substance containing cocaine base, a Schedule II controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).**

## Count 4

On or about August 6, 2024, in the Western District of New York, the defendant, **GIOVANNI ORTIZ**, did knowingly possess a firearm, namely: One (1) Century Arms VSKA semi-automatic rifle, Serial Number: SV7P012481, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the Untied States, that is, a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), committed in the manner set forth in Count 3, the allegations of which are incorporated herein by reference.

**All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

RICHARD J SMITH
Digitally signed by RICHARD J SMITH
Date: 2025.02.24 16:51:13 -05'00'

*Complainant's signature*

RICHARD SMITH
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Criminal Complaint submitted electronically by e-mail in .pdf format. Oath administered, and contents and signatures attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1.

Date: February 25, 2025

City and State: Buffalo, New York

*Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

# AFFIDAVIT

STATE OF NEW YORK )
COUNTY OF ERIE     ) SS:
CITY OF BUFFALO    )

**RICHARD SMITH**, a Special Agent for the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), being duly sworn, deposes and states as follows:

1. I am a Special Agent with United States Homeland Security Investigations ("HSI") and have so been employed since September 2020. I am currently assigned to the HSI Buffalo Border Enforcement Security Task Force ("BEST"), an HSI sponsored law enforcement task force comprised of local, state, federal, and Canadian law enforcement officers co-located in Buffalo, New York and tasked with combatting transnational criminal organizations ("TCOs") exploiting vulnerabilities of the shared international border. As such, I am a law enforcement officer of the United States, within the meaning of Section 115(c)(1) of Title 18, United States Code, who is "authorized by law or by Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of any violation of Federal criminal law." Furthermore, per the Interagency Cooperation Agreement between the Drug Enforcement Administration ("DEA") and United States Immigration and Customs Enforcement ("ICE")/HSI, I am a cross-designated agent authorized to investigate violations of Title 21, United States Code.

2. As a Special Agent with HSI, I have been involved in numerous narcotics trafficking investigations involving the importation, distribution, and sale of large quantities of controlled substances. In the course of my duties, I have worked as the case agent, directing specific drug-related investigations; I have worked as a surveillance agent and observed and recorded movements of individuals trafficking in drugs and of those suspected of trafficking in drugs; I have initiated and executed numerous arrests for drug-related offenses, including possession with the intent to distribute; and I have interviewed defendants, witnesses, and informants related to the illegal trafficking of controlled substances. Through my observations and these interviews, I have gained a working knowledge and insight into the normal operational habits of narcotics traffickers.

3. I am aware it shall be unlawful for any person knowingly or intentionally to manufacture, import, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

4. I make this affidavit in support of a criminal complaint charging **GIOVANNI O. ORTIZ** with violating Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute and distribution of controlled substances) and Title 18, United States Code, Section 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime). The information in the affidavit is based on my personal knowledge and upon reports and information received from other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included every fact I have learned during this investigation.

## PROBABLE CAUSE

5.      HSI and the Erie County Sheriff's Office ("ECSO") have been investigating **ORTIZ** for his involvement in narcotics trafficking. HSI began its investigation in May of 2024, and it continues to the present.

6.      In May 2024, an HSI Confidential Source[1] ("CS") informed HSI that **ORTIZ** was distributing narcotics in Buffalo, NY. Furthermore, the CS confirmed the CS was able to conduct purchases of narcotics from **ORTIZ**.

7.      On June 18, 2024, the above-referenced CS conducted a controlled purchase of fentanyl from **ORTIZ**. The CS and **ORTIZ** coordinated the purchase through text messages, WhatsApp messages, and video calls. The CS met with **ORTIZ** in the area of Grider Street, near the Erie County Medical Center. The CS provided **ORTIZ** with $1,300 in HSI funds in exchange for suspected fentanyl. After a brief meeting, the CS and **ORTIZ** departed the area, separately. The suspected fentanyl was submitted to the Erie County Central Police Services Forensic Laboratory (the "CPS Lab") for analysis. The CPS Lab analyzed the suspected fentanyl and determined that it contained fentanyl, cocaine, pregabalin, and metonitazene, all of which are controlled substances. The total weight of the material was 27.83 +/-0.07 grams.

---

[1] The CS has previously provided information to HSI that has led to seizures and criminal arrests. The information provided by the CS has been corroborated, to the extent possible, through independent investigation, information received independently and separately from other law enforcement agencies. The CS's information has been found to be credible and reliable. None of the information provided to HSI by the CS has proven to be either false or misleading.

8.  Moreover, over the course of this investigation, the ECSO received information from confidential sources that ORTIZ was utilizing 617 West Ave., Buffalo, NY 14213 to store and distribute large quantities of cocaine.

9.  On August 6, 2024, the Honorable Peter Savage, Buffalo City Court, signed search warrants for 617 West Ave., Buffalo, NY 14213/196 Rhode Island St., Buffalo, NY 14213[2], the person of **GIOVANNI ORTIZ**, and a 2018 Toyota 4 Runner SUV, black in color bearing NY REG LHK-6291, all of which are associated with **ORTIZ**. That same day, ECSO observed **ORTIZ** exit another residence in Buffalo NY—394 Jersey Street. Law enforcement conducted a traffic stop on **ORTIZ**, and he was detained without incident. Law enforcement seized three iPhones, one set of keys, and a plastic water bottle from **ORTIZ**.

10. The same day, ECSO conducted a search of 617 West Ave./196 Rhode Island St. as authorized by the search warrant. Law enforcement recovered and seized the following items:

   a.  One (1) loaded Century Arms VSKA semi-automatic rifle, Serial Number: SV7P012481, recovered from the front office;

   b.  7.62x39mm 30 round magazine, recovered from the front office;

   c.  9mm magazine,

   d.  Two (2) loaded high-capacity 9mm magazines, recovered from the front office;

---

[2] Through the state issued search warrant, law enforcement received permission to search both 617 West Ave. and 196 Rhode Island St. Although there are two separate addresses, these buildings are associated with the same property. An auto repair shop with an adjacent parking area for vehicles sits on 617 West Ave./196 Rhode Island St.

4

  e. Forty-two rounds of 9mm ammunition, recovered from the front office;

  f. Thirty rounds of 7.62x39mm ammunition, recovered from the front office;

  g. Clear plastic bag containing white rock like substance, recovered from the front office,

  h. Metal press, recovered from the office area;

  i. Two digital scales with suspected narcotics residue, recovered from the front office;

  j. Black Nike backpack, recovered from the front office;

  k. Night Owl DVR, recovered from the front office;

  l. National Fuel bill bearing **ORTIZ's** name, and

  m. NY sporting license bearing **ORTIZ's** name

11. Based on Your Affiant's training and experience, the above-described white rock substance that law enforcement recovered from the front office of 617 West Ave./196 Rhode Island St. was consistent with the appearance of cocaine base, also known as "crack cocaine." Law enforcement is submitting the suspected cocaine base to the CPS Lab for analysis.

12. On August 6, 2024, law enforcement also searched the black 2018 Toyota 4 Runner SUV bearing NY REG LHK-6291 pursuant to the warrant. **ORTIZ** was not in the vehicle at the time law enforcement executed the search warrant. Law enforcement recovered and seized a clear plastic bag that contained a white rock like substance from the 4-Runner. The substance was submitted to the CPS Lab for analysis. The CPS lab analyzed

5

the substance and confirmed that it contained cocaine with a weight of 4.22 +/- 0.07 grams. In my training and experience, I know that cocaine is a Schedule II controlled substance.

13. On August 6, 2024, ECSO also interviewed **ORTIZ**. After being *Mirandized*, **ORTIZ** told law enforcement that the apartment at 394 Jersey St. was possibly rented in his name. **ORTIZ** also stated that he frequents the apartment with a female associate.

14. Later on August 6, 2024, the Honorable Judge Peter Savage signed another search warrant for 394 Jersey St., Buffalo, NY 14201, lower rear apartment. That same day, ECSO conducted a search of 394 Jersey St. pursuant to the search warrant. Law enforcement recovered and seized the following items:

    a. One (1) Romarm/Cugir Micro Draco semi-automatic pistol, Serial Number: PMD-41883, recovered from the kitchen counter;

    b. 7.62x39mm 30 round magazine, recovered from the kitchen counter;

    c. Glock 40 caliber magazine,

    d. High-capacity 40 caliber magazine,

    e. Fifty round 40 caliber drum magazine,

    f. Eighty-two rounds of 40 caliber ammunition,

    g. Six rounds of 7.62x39mm ammunition, recovered from the kitchen counter;

    h. $2,000 in United States currency,

    i. Clear sandwich bag containing whitish powder substance, recovered from the kitchen;

j.  Clear Ziploc bag containing white powder residue, recovered from the living room;

k.  Clear sandwich bag containing hard white substance, recovered from the living room;

l.  Dish with suspected narcotics residue, recovered from the living room table;

m.  Digital scale with suspected narcotics residue, recovered from the living room table;

n.  Cup with suspected narcotics residue, recovered from the living room table;

o.  Miscellaneous jewelry,

p.  **GIOVANNI ORTIZ** social security card,

q.  Packaging and gloves with residue, recovered from the living room.

15. Law enforcement submitted the bags containing suspected narcotics to the CPS lab for analysis. The CPS Lab analyzed the clear sandwich bag containing whitish powder substance, which was found in the kitchen of 394 Jersey St., and confirmed that it contained fentanyl. The total weight of the fentanyl is 24.81 +/- 0.14 grams. In my training and experience, I know that fentanyl is a Schedule II controlled substance.

16. Based on Your Affiant's training and experience, the quantity of narcotics seized during the above-referenced search warrant executions, and the presence of other drug-trafficking paraphernalia such as scales, presses, and packaging materials, **ORTIZ** is engaged in drug trafficking. Your Affiant is aware that drug traffickers will often utilize scales, gloves, and drug packaging materials for ease of weighing and separating illegal

7

narcotics. Further, Your Affiant is aware that drug traffickers will often utilize kitchen equipment, such as dishes and cups, to prepare narcotics for distribution.

17. Notably, during the search of 617 West Ave./196 Rhode Island St. and 394 Jersey St., law enforcement recovered the firearms and ammunition in the same room as narcotics. Based on my training and experience, Your Affiant is aware that drug traffickers will often keep firearms in proximity to narcotics for protection in furtherance of their drug trafficking.

18. Based on the above findings from 394 Jersey St., **ORTIZ** was arrested by ECSO and charged with Criminal Possession of a Controlled Substance ("CPCS") 3rd: Narcotic Drug; CPCS 3rd: Intent to Sell; Criminal Possession of an Assault Weapon 3rd; Criminal Possession of a Weapon 3rd – Ammunition Feeding Device; and three counts of Criminal Use of Drug Paraphernalia 2nd. Based on the above findings from 196 Rhode Island St./617 West Ave. and the black Toyota 4 Runner bearing NY REG LHK-6291, **ORTIZ** was charged with CPCS 3rd: Narcotic Drug: Intent to Sell; Criminal Possession of a Weapon 2nd: Loaded Firearm; Criminal Possession Narcotic Drug 4th; Criminal Possession of a Weapon 3rd: Ammunition Feeding Device; and Criminal Use of Drug Paraphernalia 2nd. Following his arraignment, **ORTIZ** was released from state custody.

**WHEREFORE**, based on the foregoing, I submit that there is probable cause to believe that Giovanni O. ORTIZ violated Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute and distribution of controlled substances) and Title 18,

8

United States Code, Section 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime), request that a Criminal Complaint and Arrest Warrant be issued, and that this Complaint and Affidavit be sealed based on a continuing investigation and further Order of this Court.

 

RICHARD J SMITH
Digitally signed by RICHARD J SMITH
Date: 2025.02.24 16:52:00 -05'00'

_____
RICHARD SMITH
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me telephonically on this 25th day of February, 2025.

_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge